| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

ALTON DOYLE HALL,　§
　　　　　　　　　　　§
　　　　Plaintiff,　　　§
　　　　　　　　　　　§
*versus*　　　　　　　§　　CIVIL ACTION NO. 1:04-CV-681
　　　　　　　　　　　§
JOHNSON & JOHNSON, DEPUY, INC.,　§
DEPUY ORTHOPAEDICS, INC., and　§
DEPUY SPINE, INC.,　§
　　　　　　　　　　　§
　　　　Defendants.　§

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiff Alton Doyle Hall's ("Hall") Motion for Court-Ordered Dismissal (#13).  Hall seeks a court-ordered dismissal without prejudice of his Texas common law, personal injury claim.  Defendants DePuy, Inc., DePuy Spine, Inc., DePuy Orthopaedics, Inc., and Johnson & Johnson's ("DePuy") oppose this motion, contending that this action should be dismissed with prejudice, or alternatively, that this court should grant Defendants' motion for summary judgment.

Hall originally instituted this action in state court on October 27, 2004.  DePuy promptly filed a notice of removal to federal court on October 29, 2004.  On February 10, 2005, the parties agreed to a scheduling order,  mandating that discovery be completed by September 15, 2005, and that all motions be filed on or before October 14, 2005.  Docket call is set for February 3, 2006.  On August 19, 2005, DePuy filed a motion for summary judgment, alleging that, after more than six months of discovery, Hall is unable to offer any evidence of the existence of a defect or of causation of injury by a product defect.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." FED. R. CIV. P. 41(a)(2); *accord Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 n.2 (5th Cir. 2002); *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 198-99 (5th Cir. 1991). "The decision to dismiss an action rests within the sound discretion of the trial court and may only be reversed for an abuse of that discretion." *Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985); *see United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 329 (5th Cir. 2003) (citing *Davis*, 936 F.2d at 199); *Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990); *Yoffe v. Keller Indus., Inc.*, 580 F.2d 126, 129 (5th Cir. 1978), *cert. denied*, 440 U.S. 915 (1979). Generally, a motion for voluntary dismissal should be granted freely unless the non-moving party will suffer some plain legal prejudice other than the possibility of a second lawsuit. *See Doe*, 343 F.3d at 330 (citing *Elbaor*, 279 F.3d at 317); *Davis*, 936 F.2d at 199; *Manshack*, 915 F.2d at 174. The purpose of Rule 41, however, is to prevent voluntary dismissals from unfairly prejudicing the opposing party and to allow the court to impose curative conditions. *See Elbaor*, 279 F.3d at 318 n.3.

In evaluating a motion for voluntary dismissal, the court should take into consideration whether an unconditional dismissal will cause the non-movant to suffer legal prejudice. *See Doe*, 343 F.3d at 330 (citing *Elbaor*, 279 F.3d at 318 n.3). Legal prejudice has been defined as "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996); *see Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001). For example, legal prejudice exists where an affirmative defense, such as the statute of limitations, would be lost. *See United States ex rel. Matthews v. HealthSouth Corp.*, 332 F.3d

293, 297 (5th Cir. 2003) (citing *Elbaor*, 279 F.3d at 318; *Phillips v. Central Gulf R.R.*, 874 F.2d 984, 987-88 (5th Cir. 1989)). "Plain legal prejudice can also exist regarding the timing of a motion for voluntary dismissal." *Robles v. Atlantic Sounding Co.*, 77 F. App'x 274, 275 (5th Cir. 2003). If the court finds that legal prejudice does not exist, then the motion should be granted. *See Elbaor*, 279 F.3d at 317. If, however, the court finds that dismissal will cause legal prejudice, then the court can deny the motion or impose conditions that will cure the prejudice. *See id.* at 317-18.

The following factors are taken into consideration when determining whether a court has abused its discretion in denying a Rule 41(a)(2) motion for voluntary dismissal: (1) the defendant's effort and the expense involved in preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation of the need to take a dismissal; and (4) the fact that a motion for summary judgment has been filed by the defendant. *See id.* at 318 n.3 (quoting *Witzman v. Gross*, 148 F.3d 988, 992 (8th Cir. 1998)). "'[W]hen a plaintiff fails to seek dismissal until a late stage of trial, after the defendant has exerted significant time and effort, then a court may, in its discretion, refuse to grant a voluntary dismissal.'" *Doe*, 343 F.3d at 330 (quoting *Davis*, 936 F.2d at 199); *see Robles*, 77 F. App'x at 275. The potential that additional expense may be incurred in relitigating the matter in another forum or at a later date is insufficient to support a finding of legal prejudice necessary for denial of a Rule 41(a)(2) motion for voluntary dismissal. *See Doe*, 343 F.3d at 330 (citing *Elbaor*, 279 F.3d at 317 n.3); *Manshack*, 915 F.2d at 174.

In this instance, DePuy will not suffer legal prejudice as a result of the dismissal. Defendants have not demonstrated how they would be substantively harmed by a dismissal of

Hall's claims without prejudice. DePuy has not indicated any particular claim or defense that would be undermined by dismissal without prejudice. *See Westlands Water Dist.*, 100 F.3d at 97. At most, Defendants will suffer the inconvenience of a second lawsuit, which is insufficient to constitute legal prejudice. *See Doe*, 343 F.3d at 330 (citing *Elbaor*, 279 F.3d at 318 n.3). Although DePuy has already filed a motion for summary judgment, because the underlying effort would likely prove useful in any future litigation, the pendency of such motion does not militate heavily in favor of denying Plaintiff's motion.

While DePuy may be inconvenienced by a dismissal without prejudice, granting the motion will not cause legal prejudice to DePuy. Hall has not previously dismissed an action based on or including the same claim or claims presented in this suit, and there is no counterclaim currently pending. *See* FED. R. CIV. P. 41(a). Accordingly, Hall's Motion for Court-Ordered Dismissal is granted, and this cause of action will be dismissed without prejudice. All outstanding motions are denied as moot.

SIGNED at Sherman, Texas, this 11st day of October, 2005.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE